**AVALON PRECISION CASTING CO., Plaintiff–Appellant,**

v.

**INDUSTRIAL COMMISSION OF OHIO; Robin Nash, Staff Hearing Officer; Gary Diceglio, Chairman; William E. Thompson, Member; Kevin R. Abrams, Member; Ohio Bureau of Workers' Compensation; Marsha P. Ryan, Administrator; Johnnie Edwards, Defendants–Appellees.**

No. 07–4131.

United States Court of Appeals, Sixth Circuit.

July 25, 2008.

Before: SUTTON and COOK, Circuit Judges; and ROSE,* District Judge.

PER CURIAM.

A tow-motor accident injured Johnnie Edwards's knee at work. Edwards received disability payments, as well as a safety-violation ("VSSR") award for $3,310.72 because the tow motor lacked a working horn to warn Edwards as it approached.

Instead of seeking Ohio judicial review, his employer, Avalon Precision Casting Company ("Avalon"), filed this 42 U.S.C. § 1983 action asking the court to declare that: OSHA preempts Ohio's VSSR scheme; the Ohio Administrative Code section requiring a working horn is impermissibly vague; and Ohio's prohibition on cross-examining a claimant's personal physician in workers' compensation proceedings violates due process. The district court, in a thorough and thoughtful opinion with which we agree, rejected each of Avalon's claims, and we adopt the district court's Opinion as the opinion of this panel.

See *Avalon Precision Casting Co. v. Indus. Comm'n of Ohio*, No. 1:04–cv–02292, 2006 WL 3332212 (N.D.Ohio Nov. 15, 2006).

In a separate Order the district court denied Avalon default judgment against Edwards. Avalon's appeal also targets that decision, relying on the compulsory phrasing of the default-judgment rule that the clerk *"must* enter the party's default" if that party "has failed to plead or otherwise defend," as did Edwards. *See* Fed. R. Civ P. 55(a) (emphasis added). But § 1983 confers jurisdiction only "[t]o redress the deprivation, *under color of any State law* ... of any right, privilege, or immunity secured by the Constitution of the United States...." *See Watson v. Kenlick Coal Co.*, 498 F.2d 1183, 1185 (6th Cir.1974); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946). The district court thus lacked jurisdiction to grant a judgment against Edwards, a defendant who indisputably is not a state actor and who cannot be traced to any of these alleged constitutional violations.

We affirm.

---

* The Honorable Thomas M. Rose, United States District Judge for the Southern District of Ohio, sitting by designation.